IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CLAUDE WALLACE,                                                                                       PETITIONER
ADC #85239

v.                                              5:11-cv-00231-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshal Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

On July 17, 1992, Mr. Wallace was convicted by a Mississippi County, Arkansas, jury of two counts of kidnaping, two counts of rape and one count of burglary. (Doc. No. 7-2 at 1.) He received sixty years for each kidnaping, a life sentence for each rape conviction, and forty years for the burglary conviction. (*Id.*) Mr. Wallace appealed to the Arkansas Supreme Court which found his claims were without merit. (*Id.*) He then filed a Rule 37 petition for post-conviction relief with the Mississippi County Circuit Court. (*Id.* at 2.) The circuit court dismissed the petition as untimely, and Mr. Wallace never perfected an appeal of that dismissal. (*Id.*)

On August 2, 1994, Mr. Wallace filed a 28 U.S.C. § 2254 petition with this Court arguing that: (1) he was denied due process through an alleged speedy-trial violation; (2) his conviction was based on evidence obtained from an unlawful search; (3) his conviction was obtained in part through the "use of an in-court identification tainted by a pretrial identification." (*Id.*) The Court considered each of these claims on the merits and dismissed the petition with prejudice. (*Id.* at 7; Doc. No. 7-4.) Mr. Wallace filed the instant § 2254 Petition on September 7, 2011. (Doc. No. 2.)

**II. DISCUSSION**

Title 28, United States Code, Section 2244(b)(3) provides that petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). This prior-authorization requirement is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 156 (2007). For purposes of this requirement, claims previously presented in earlier habeas petitions "shall be dismissed." 28 U.S.C. 2244(b)(1). In circumstances where the claims asserted in the second or successive habeas petition were not alleged in previously filed habeas petitions, the claims "shall be dismissed unless:"

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2244(b)(2).

The instant Petition is second or successive for purposes of 28 U.S.C. 2244(b). Mr. Wallace's August 2, 1994, federal habeas petition[1] was dismissed with prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Since Mr.

---

[1]*Wallace v. Norris*, 5:94cv00427-GH.

Wallace has not shown he has obtained such authorization, this Court lacks jurisdiction to consider the claims in the instant Petition. Mr. Wallace must first obtain authorization from the United States Court of Appeals for the Eighth Circuit before proceeding in this Court.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 6) be GRANTED.

2. Mr. Wallace's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

DATED this 3rd day of April, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE